## PADGETT v. JACOBS.

1. EVIDENCE—CONVERSATIONS—SEPARATE VERSIONS.

Where plaintiff testifies to a conversation between himself and defendant before suit brought, in relation to a settlement of the case, defendant may properly give his version of the same conversation.

2. TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE.

An instruction that "by preponderance of the evidence, which the plaintiff must have," is meant "that the testimony, when put in as to the claims of the respective parties, the evidence produced by the plaintiff must outweigh that of the defendant," if erroneous as not distinguishing between "evidence" and "testimony," is cured by the subsequent statement that the verdict is to be found "in the manner directed,—from a preponderance of the evidence."

Error to Clinton; Stone, J. Submitted October 10, 1901. Decided November 12, 1901.

Replevin by John Padgett against John Jacobs. From a judgment for defendant, plaintiff brings error. Affirmed.

*Spaulding, Norton & Dooling,* for appellant.

*Edwin H. Lyon,* for appellee.

LONG, J.   This is an action of replevin brought in jus-
tice's court, and appealed to the circuit, where it was
tried before a jury, and verdict and judgment rendered in
favor of defendant.   Plaintiff brings error.   The action
was brought to recover possession of a certain heifer
which the plaintiff claimed to own.   His claim was that
the heifer was raised on his father's farm, and was pur-
chased by him from his father; that he turned it into a
certain pasture called the "Church Pasture;" that he
missed it out of the pasture, and found it in the posses-
sion of defendant, and took it from him on his writ.   His
further claim is that soon after he missed the heifer, and
learned the defendant had it, he had a talk with defend-
ant, in which defendant promised to return it to him.
Plaintiff gave a description of the heifer as a "natural
mulley."   The defendant's claim was that he was the
owner of the heifer; that it was born and raised on his
farm; that in the summer of 1900 he turned it out to pas-
ture, and it escaped and went into the Church pasture,
where he found it and took it away; that it was not a
natural mulley, but had been dehorned.   Considerable
testimony was introduced by plaintiff tending to identify
the heifer as a natural mulley and as his property.   There
was also considerable testimony introduced by defendant
tending to show that it was his property, that it had been
dehorned, and was not a natural mulley.   These issues
were fully and very fairly submitted to the jury.

It is claimed, however, by counsel for plaintiff, that the
court erred in permitting defendant to give in evidence
certain statements made by plaintiff in reference to the
return of the heifer; that the defendant should not have
been permitted "to give portions of a conversation not
consisting of any admission or statement of any fact ma-
terial to any issue in the case; that unaccepted offers, by
way of compromise, cannot affect the legal rights of the

parties." It appears that the plaintiff was asked by his counsel to state certain conversations he had with defendant. He was permitted to state them. This conversation related to a settlement of the case between the parties before suit was brought. The defendant was then asked by his own counsel to state the whole talk had between them. We think this was competent. Plaintiff had given his version of the conversation. Defendant had a right to do the same. Defendant's version had a tendency to rebut the claim made by plaintiff that defendant had agreed to return the heifer. We think this was competent, under the case of *Steers* v. *Holmes*, 79 Mich. 430 (44 N. W. 922).

We think we need notice but one portion of the charge. The court said:

"By preponderance of the evidence, which the plaintiff must have in this case, I mean that the testimony, when put in as to the claims of the respective parties, the evidence produced by the plaintiff must weigh a little more than that of the defendant. It must be enough to push down his side of the scale in order to be a preponderance of the evidence, which the law requires he should bring here before you in order to be entitled to recover in this case."

It is the claim of plaintiff's counsel that the use of the above language was equivalent to saying that "evidence" and "testimony" are synonymous terms. If this was a misuse of the term "testimony," it was almost immediately cured by the court in saying: "Now, the verdict is to be found in the manner in which I have directed,— from the preponderance of the *evidence*."

We have examined the other questions with care, and find no error which we think could in any manner be prejudicial to plaintiff so as to warrant a new trial.

The judgment must be affirmed.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.